UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL J. PURVIS, )
)
Plaintiff, )
) Case No. 03 C 7221
v. )
) Judge John W. Darrah
INTERNATIONAL TRUCK AND )
ENGINE CORPORATION, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff's Motion for Appointment of Counsel and Defendant's Motion to Enforce the Settlement Agreement.

Plaintiff, Samuel J. Purvis, a former employee of Defendant, International Truck and Engine Corporation, filed suit, *pro se*, alleging harassment, retaliation, and constructive discharge. Purvis's first counsel withdrew because of his lack of good standing with the Illinois Attorney Registration and Disciplinary Commission. Subsequently, Purvis moved for counsel to be appointed. The Court appointed counsel for Plaintiff on two occasions. Both appointed counsel moved and were granted leave to withdraw. Plaintiff's most recent counsel withdrew because of a conflict of interest following Plaintiff's refusal to comply with the settlement the parties reached before Magistrate Judge Arlander Keys.

On March 21, 2007, Judge Keys conducted a settlement conference attended by Plaintiff, Plaintiff's counsel, and Defendant. An oral settlement agreement was reached between the parties. Judge Keys outlined the terms of the settlement to assure that Purvis understood the terms of the settlement agreement and that the case would be dismissed

based on the settlement agreement. Judge Keys clearly set out that a settlement had been reached, stating, in relevant part, "Okay. Now, we've been involved in a settlement conference trying to resolve this case, and I'm pleased to state for the record that we have resolved the case. With regard to settlement of the case . . . I want to state this on the record so that when Mr. Purvis gets the settlement agreement to sign that he won't be surprised." Purvis did not object to any of the terms of the settlement agreement and did not indicate that he had any issues that were not addressed. Two days later, Purvis's counsel contacted Defendant and informed Defendant that Purvis changed his mind as to the settlement agreement. Purvis's counsel was granted leave to withdraw due to a conflict of interest posed by Purvis's refusal to settle the case.

Purvis seeks appointment of counsel and to withdraw the settlement agreement. Defendant seeks to enforce the settlement agreement.

The Court has appointed counsel for Purvis on two occasions. Pursuant to Local Rule 83.39, "where second counsel is appointed and subsequently discharged upon request of a party, no additional appointment shall be made except on a strong showing of good cause." Purvis has failed to demonstrate a strong showing of good cause why counsel should be appointed for a third time. Accordingly, Purvis's Motion for Appointment of Counsel is denied.

An oral settlement agreement is enforceable, regardless of whether a party subsequently seeks to withdraw from the agreement, provided that there is an offer, acceptance, and meeting of the minds. *See Love v. Bell*, 2005 WL 3180018 (N.D. Ill.

2

Nov. 7, 2005) *aff'd by Love v. Bell*, 2006 WL 3615294 (7th Cir. Dec. 8, 2006) (plaintiff was bound to oral settlement agreement reached during settlement conference in spite of lack of written agreement and Plaintiff's later desire to withdraw from settlement agreement).

In the present case, the transcript of the proceedings indicates that there was an offer, acceptance, and meeting of the minds between the two parties. Judge Keys made clear the terms of the settlement. Purvis did not voice any opposition to the terms of the settlement and agreed to the terms of the settlement. Regardless, Purvis does not allege that an offer, acceptance, or meeting of the minds between the parties is absent. Instead, Purvis seeks to withdraw the settlement agreement because no depositions of the Defendant were taken and Purvis had believed that such depositions had occurred. In his response to Defendant's motion, Purvis states that he first learned that no depositions were provided to Judge Keys at the settlement conference by Judge Keys and that it is Purvis's belief that if he had not accepted the Defendant's settlement offer, the case would be "thrown out." Purvis's argument appears to be a claim that the agreement was based on a unilateral mistake of fact.

A unilateral mistake may void a contract under the limited circumstances set out in the Restatement (Second) of Contracts § 153(a), and the mistake must be made despite the exercise of reasonable care. *See Chicago Litho Plate Graining Co. v. Allstate Can Co.*, 838 F.2d 927, 931-32 (7th Cir. 1998). A contract is voidable by a party if the party does not bear the risk of mistake under Section 154 of the Restatement (Second) of Contracts and the effect of the mistake is such that enforcing the contract would be unconscionable or the other party had reason to know of the mistake or caused the

3

mistake. Restatement (Second) of Contracts § 153(a). A person bears the risk of mistake if he is aware at the time the contract is entered into that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient. Restatement (Second) of Contracts § 154(b).

Here, Purvis bears the risk of mistake because he was aware at the time that he entered into the settlement agreement that Defendant's depositions had not been provided to Judge Keys. Whether the depositions had actually occurred is irrelevant because Purvis knew they were not before Judge Keys at the time he settled. In addition, enforcement of the settlement agreement would not be unconscionable; and Defendant did not know of or cause the mistake. Accordingly, Purvis's subsequent attempt to withdraw his agreement does not constitute proper grounds for rescission of his oral agreement. Accordingly, Defendant's Motion to Enforce the Settlement Agreement is granted.

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is denied; and Defendant's Motion to Enforce the Settlement Agreement is granted.

Dated: June 27, 2007

John W. Darrah
United Stated District Court Judge

4